IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

ARY JONES,

                      Petitioner,                              ORDER

     v.                                                               19-cv-938-wmc

RANDALL HEPP, Warden,
Waupun Correctional Institution[1],

                      Respondent.

───────────────────────────────────────────────────────────────

    Ary Jones, currently imprisoned at the Waupun Correctional Institution, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

    From the petition (dkt. # 5), petitioner's "pro forma memorandum" (dkt. # 7), and state court records available electronically, the court gleans the following facts:

    Petitioner was convicted in the Circuit Court for Dane County in Case No. 02-CF-3006 of multiple counts of forgery, issuance of a worthless check, and theft by fraud. On January 24, 2003, the court sentenced petitioner to a term of imprisonment followed by extended supervision on some counts and probation on other counts. Around 2011, petitioner's supervision was transferred to the state of Tennessee under the Interstate

---

[1] In the petition, Jones named the "Wisconsin Department of Corrections." The court has amended the caption to reflect that the respondent is Randall Hepp, Warden at the Waupun Correctional Institution. *See* Rule 2 of the Rules Governing Section 2254 Cases (petitioner in custody under a state court judgment must name as respondent the state officer who has custody).

Compact for Adult Offenders Supervision. On or about January 18, 2018, he was arrested in Tennessee on an extradition warrant and returned to Wisconsin for alleged violations of the terms of his supervision. The Dane County Circuit Court revoked petitioner's supervision on March 5, 2019, and sentenced him to prison.[2]

Petitioner alleges that he is in custody in violation of his constitutional right to due process because of irregularities in connection with his arrest and subsequent revocation. In particular, he alleges, he was not afforded a probable cause hearing on the revocation allegations before being extradited from Tennessee to Wisconsin, in violation of the interstate compact. (Pet. (dkt. # 5) 5.) He also claims that: (1) Wisconsin lost its right to revoke his parole because it did not initiate revocation proceedings until 2 ½ years after learning that petitioner may have absconded; and (2) parole agents presented "perjured testimony . . . in order to revoke the parolee." (Pet. (dkt. # 5) 6-8).

Although not entirely clear from the sparse allegations in the petition, petitioner appears to be challenging the legality of the procedures used to arrest and extradite him to Wisconsin rather than during the revocation hearing itself. If this is the case, then petitioner has no viable claim for federal habeas relief. "An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980). *See also Frisbie v. Collins*, 342 U.S. 519, 522 (1952) ("This Court has never departed from the rule . . . that the power of a court to try a person for crime is not impaired by the fact that he had been

---

[2] It is unclear whether petitioner was revoked for violating conditions of probation, conditions of extended supervision, or both, but that distinction is not important for purposes of this review.

brought within the court's jurisdiction by reason of a 'forcible abduction.'"); *Warner v. Parke*, 1996 WL 495040, *5, 96 F.3d 1450 (7th Cir. 1996) (petitioner's alleged violations of interstate compact did not undermine validity of subsequent parole revocation) (citing *Crews* and *Frisbie*) (unpublished opinion).

However, even if petitioner *is* alleging due process violations in connection with the revocation hearing itself, he has another problem. Before he is entitled to a federal ruling on his claims, a petitioner must (1) exhaust all remedies available in the state courts; and (2) fairly present any federal claims in state court first. *Lemons v. O'Sullivan*, 54 F.3d 357 (7th Cir. 1995). A petitioner has exhausted his state court remedies where he has "no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985). To comply with this requirement, the petitioner must assert his claims through one complete round of state court review. *Id*.; *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004). For a Wisconsin prisoner, this means that he must assert each of his claims in a petition for review to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 485–86 (7th Cir. 2003). A petitioner's failure to exhaust his state court remedies, where such remedies are no longer available, constitutes a "procedural default" that bars the federal court from hearing his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

Petitioner asserts that he presented his due process claims to the Dane County Circuit Court by filing a writ of habeas corpus and a petition for a writ of certiorari challenging the revocation decision. He admits, however, that he did not appeal those decisions because he "was told I could not appeal, any higher than the sentencing court."

3

(Pet. (dkt. # 5) 6.)  Petitioner does not say who gave him this advice, but it was incorrect.  In Wisconsin, "[a] final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law."  Wis. Stat. Ann. § 808.03.  There is no exception for circuit court orders on petitions for certiorari.  *See, e.g., State ex rel. Tate v. Schwarz,* 2002 WI 127, 257 Wis. 2d 40, 654 N.W.2d 438 (considering appeal from circuit court order denying writ of certiorari challenging probation revocation); *State ex rel. Mentek v. Schwarz*, 2001 WI 32, 242 Wis. 2d 94, 624 N.W.2d 150 (same).  By failing to appeal the denial of his certiorari petition to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court, petitioner has procedurally defaulted his claims.

When a petitioner has procedurally defaulted his claim, he may obtain federal habeas relief only upon a showing of cause and prejudice for the default or upon a showing that a failure to grant him relief would work a fundamental miscarriage of justice.  *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir. 1996) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).  Cause for a default ordinarily is established by showing that some external obstacle prevented the petitioner from presenting his claim to the state courts.  *Lewis*, 390 F.3d at 1026.  A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 496 (1996).  To satisfy this requirement, petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of newly discovered evidence of innocence.  *Schlup v. Delo*, 513 U.S. 298, 325-27 (1995).

I am skeptical whether petitioner can make either of these showings. It is unclear whether petitioner was represented by counsel at the revocation proceedings, but even if he was, petitioner cannot establish that counsel's ineffective performance constitutes "cause" for his default unless petitioner can show that he has a constitutional right to assistance of counsel in the state proceeding. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Petitioner had no right to counsel to file his petition for certiorari review. *State ex rel. Griffin v. Smith*, 270 Wis. 2d 235, 677 N.W. 2d 259 (2004) (Wisconsin parolees have no right under either federal constitution or state law to have lawyer file timely petition for certiorari review of revocation decision). *Accord Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (due process clause does not require states to provide counsel to all probationers facing probation revocation). Accordingly, even assuming petitioner's lawyer erroneously advised him that he could not appeal, that advice would not constitute "cause"— as that term is understood in the habeas context --- since petitioner did not have right to counsel in the first place. Petitioner will have to show some other external "cause" for his failure to appeal in order to satisfy this exception.

As for the miscarriage of justice exception, it is unclear whether petitioner could actually avail himself of this exception because he is challenging a revocation decision and not his actual conviction. *See Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002) (refusing to apply miscarriage of justice standard where petitioner was challenging sentence and not underlying conviction). Even assuming the exception applies, however, petitioner would have to present *new* evidence making it more likely than not that no reasonable fact-finder would have found that he violated the conditions of his supervision.

In sum, the petition does not contain enough facts from which to conclude either: (1) that petitioner has stated a plausible claim that he is in custody in violation of his constitutional rights; or (2) that petitioner could show that his failure to exhaust his state court remedies should be excused under either of the exceptions to the procedural default doctrine. Accordingly, the court needs more information from petitioner before it will order the state to respond to the petition.

ORDER

IT IS ORDERED that petitioner has until June 26, 2020, to:

(1) present additional facts clarifying the basis for the due process claims alleged in the petition; and

(2) show cause why the petition should not be dismissed for procedural default.

If petitioner fails to make such a showing, or if he fails to file a response within this deadline, then the presiding judge will find that petitioner has either failed to state a claim, procedurally defaulted his claims, or both, and will enter an order dismissing the petition with prejudice.

Entered this 3rd day of June, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge