IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARY JONES,

                Petitioner,                ORDER

    v.                                      19-cv-938-wmc

TROY ENGER, Chief, Region 1 Office,
Wisconsin Dept. of Corrections,
Division of Community Corrections[1],

                Respondent.

---

In this habeas corpus proceeding under 28 U.S.C. § 2254, petitioner Ary Jones challenges the lawfulness of his parole revocation in Dane County Case No. 02-CF-3006. After screening the petition on June 3, 2020, this court entered an order directing petitioner to submit more information in support of his petition. Dkt. 8. Petitioner's deadline for doing so was June 26, but he still has not responded to that order.[2] In the meantime, he was released from custody.

Petitioner's release raises the question whether his petition is moot because it no longer presents an actual case or controversy under Article III of the Constitution. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (under Article III, federal courts do not decide questions that cannot affect the rights of the litigants before them). When

---

[1] After petitioner filed his petition, he was released on extended supervision. I have amended the caption to reflect petitioner's current custodian.

[2] According to the docket sheet, petitioner called the Clerk of Court's office on July 16, 2020, and reported that he needed more time to comply with the June 3 order. Although he was directed to put his request in writing, he has failed to do so.

1

a habeas petitioner challenges his *conviction*, the Supreme Court has found the case-or-controversy requirement is met notwithstanding the petitioner's release from confinement, reasoning that it is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences" sufficient to demonstrate concrete injury. *Sibron v. New York*, 392 U.S. 40, 55 (1968). However, the Court has *not* extended this presumption to the area of parole revocation. *Spencer v. Kemna*, 523 U.S. 1, 14 (1998); *Lane v. Williams*, 455 U.S. 624, 632-33 (1982). In the parole revocation context, the prisoner's release from custody renders his case moot unless he can show that a writ of habeas corpus would still provide him some genuine benefit. *Spencer*, 523 U.S. at 7 ("Once the convict's sentence has expired … some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist to if the suit is to be maintained."); *Lane*, 455 U.S. at 624-25 (petitioners' claims for habeas relief moot because parole terms that they had challenged had expired).

Accordingly, this case must be dismissed unless petitioner can show that he will suffer some "concrete and continuing injury" attributable to his parole revocation. Petitioner has until August 31, 2020, in which to make this showing. If he fails to meet this deadline or make this showing, then the presiding judge will dismiss his case as moot. Petitioner need not comply with this court's June 3, 2020 order.

ORDER

IT IS ORDERED that petitioner has until August 31, 2020, to present facts showing why the instant petition for a writ of habeas corpus should not be dismissed as moot.

If petitioner fails to make such a showing, or if he fails to file a response within this deadline, then the presiding judge will enter an order dismissing the petition with prejudice.

Entered this 10th day of August, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge